**UNITED STATES DISTRICT COURT**
**ARIZONA – TUCSON**

**April 13, 2020**

```
         FILED        LODGED
         RECEIVED     COPY

         APR 1 3 2020

         CLERK U S DISTRICT COURT
         DISTRICT OF ARIZONA
         BY_____
```

USA v. Pamela Rose Atkinson                         Case Number: 20-05849MJ-002

## ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. The defendant shall not commit any federal, state, tribal or local crime.

3. The defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. The defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address or telephone number.

5. The defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2600, Tucson, AZ 85701.

6. The defendant acknowledges that **videotaped depositions** of material witnesses may be taken. The defendant is responsible for knowing the time and date of depositions and for appearing at depositions. The defendant's failure to appear will not delay or constitute cause for the continuance of the depositions and will be deemed a waiver of the defendant's right to confront the witness(es) in person. The depositions will proceed as scheduled.

7. The defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

8. The defendant shall not possess or attempt to acquire any **firearm**, destructive device, or other dangerous weapon or ammunition.

9. The defendant shall maintain or actively seek employment (or combination work/school) and provide proof of such to Pretrial Services.

CC:   Pretrial Services, USM

10. The defendant shall consume no alcohol. The defendant shall participate in alcohol treatment and submit to alcohol testing, and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

11. The defendant shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

12. The defendant shall participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make copayment toward the cost of services as directed by Pretrial Services.

13. The defendant shall resolve all pending lower court matters and provide proof of such to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 4/13/20 | *[signature]* | Ref Pretrial Services Report - not public record |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| DATE | SIGNATURE OF CUSTODIAN |
|---|---|
|  |  |

I (We), the surety(ies), have read and understand the terms of this bond and conditions of release and acknowledge that I (we) are bound by this encumbrance until duly exonerated.

| DATE | SIGNATURE OF SURETY(IES) |
|---|---|
|  |  |

**This order authorizes the U.S. Marshal to release the defendant from custody.**

**Bond set by:** D Thomas Ferraro          **Defendant released by:** D Thomas Ferraro

Signed before me on this date: 4-13-20

By U.S. Magistrate Judge: *[signature]*
Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 4/13/20 | *[signature]* |